UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH M. GORA,

        Plaintiff,

Case No. 1:08-cv-992

Hon. Gordon J. Quist

v.

RAYMOND GELABERT, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendants' motion to dismiss pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 12(b)(6) (docket no. 22).

**I.**    **Background**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff filed suit against five defendants. The court previously dismissed two defendants. The three remaining defendants are: Raymond H. Gelabert, M.D.; Savithri Kakani, P.A.; and Correctional Medical Services, Inc. (CMS). Plaintiff's 29-page complaint, which includes

156 pages of attachments, is a rambling and virtually incomprehensible account of alleged medical problems that he experienced at the Gus Harrison Correctional Facility (ARF) and Florence Crane Correctional Facility (ACF). The gist of the complaint is that the prison medical staff denied plaintiff pain medication and ignored serious gall bladder problems.

## II. Exhaustion of administrative remedies

### A. Legal Standard

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S.Ct. at 922-23.

Defendants have moved to dismiss for lack of exhaustion. A defendant can raise affirmative defenses in a motion to dismiss. *See, e.g., Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005) (defendant could properly raise the affirmative defense of qualified immunity "based on a pre-answer motion to dismiss"); *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("Like other Rule 12(b)(6) motions to dismiss, a

2

motion to dismiss on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief. A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.") (internal quotation marks and citations omitted).

It is appropriate for defendants in a prisoner civil rights action to raise the affirmative defense of failure to exhaust administrative remedies in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir.), cert. denied 129 S. Ct. 733 (2008). "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense [under the PLRA] . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment. *Id.* (internal quotation marks omitted).

The MDOC grievance procedure is an administrative review regulated by the agency's Policy Directives. This court may take judicial notice of plaintiff's grievance filings in this state agency proceeding for purposes of deciding a motion to dismiss. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (a court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion, but may only take judicial notice of facts which are not subject to reasonable dispute); *Marshek v. Eichenlaub*, No. 07-1246, 2008 WL 227333 at *1 (6th Cir. Jan. 25, 2008) (court can take judicial notice of prisoner's transfer as shown in the Bureau of Prison's Inmate locator accessed on the agency's official website); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2nd Cir. 1991) ("[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing

3

the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated"); *Walker v. Abdellatif*, No. 1:07-cv-1267, 2009 WL 579394 (W.D. Mich. March 5, 2009) (taking judicial notice of MDOC prisoner grievance proceedings in deciding motion to dismiss for lack of exhaustion); *Walker v. Woodford*, 454 F.Supp.2d 1007, 1021-23 (S.D.Cal. 2006) (the Court may consider a limited set of documents without converting a Rule 12(b)(6) motion into a motion for summary judgment, including matters that can be judicially noticed; documents pertaining to the prisoner's exhaustion efforts "are part of a state administrative proceeding and may be judicially noticed, not for the truth of their contents but for the fact that the grievance proceeding occurred"); *Eggerson v. United States*, 1: 05-cv-594, 2006 WL 1720252 at *3 (W.D.Mich. June 22, 2006) ("In ruling on a motion under Rule 12(b)(6), the court may supplement the facts alleged in the pleadings by considering facts susceptible to judicial notice under Fed.R.Evid. 201"); *Bath Petroleum Storage, Inc. v. Market Hub Partners, L.P.*, 129 F.Supp.2d 578, 580-581 (W.D.N.Y. 2000) (although documents filed by plaintiff and defendants with various agencies were not attached to plaintiff's complaint, court could properly consider the documents on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6); plaintiff had notice of the documents and relied upon them in bringing this action).

Taking judicial notice of a prisoner's administrative grievance proceeding is consistent with the purpose of the PLRA's "invigorated" exhaustion provision, which Congress enacted to control the "sharp rise in prisoner litigation in the federal courts." *Woodford*, 548 U.S. at 84. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This

4

has the potential to reduce the number of inmate suits, and also to improve the
quality of suits that are filed by producing a useful administrative record.

*Jones*, 549 U.S. at 204.

### B. Discussion

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.[1] An prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. Policy Directive 03.02.130 at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues shall be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

---

[1] While the incident date listed in some grievances occurred prior to July 9, 2007, plaintiff did not file any grievances until after that date.

The MDOC's grievance report reflects that plaintiff pursued seven grievances while at ARF and two while at ACF. *See* docket no. 22-4. Defendants have identified five grievances filed in 2007 and 2008 that could support plaintiff's claims: ACF 2007-07-1261-12f ("1261"); ARF 2007-09-1595-12f2 ("1595"); ARF 2008-04-725-27a ("725"); ACF 2008-07-608-12f3 ("608"); and, ACF 2008-07-564-12d1 ("564"). *See* docket nos. 22-5 through 22-9. Plaintiff does not dispute defendants' evaluation of the applicable grievances.[2]

Grievances 564, 725 and 1595 do not name any of the defendants.[3] Grievance 1261, dated June 28, 2007, identified P.A. Kakani with respect to plaintiff's request for certain medication (i.e., neurontin). Defendants contend that this grievance was untimely. However, the MDOC did not reject the grievance on that basis; rather it apparently waived this requirement, processed the grievance and addressed the grievance on the merits. The court will defer to the MDOC's decision to waive this irregularity and process the grievance. Grievance 608, dated July 9, 2008, identified defendants CMS, Dr. Gelabert and P.A. Kakani with respect to plaintiff's request for pain medication (i.e., ultram) for his back and request for treatment of his gallstones. While defendants contend that this grievance fails to name P.A. Kakani, the court notes that she was referenced in an attachment to the Step I grievance. *See* docket no. 22-8 at p. 5. Defendants also point out that the Step II appeal of Grievance 608 was rejected because plaintiff raised a new issue. However, the administrative record reflects that plaintiff filed a Step III appeal, and that the MDOC addressed

---

[2] Plaintiff's response does not address whether his grievances were properly exhausted pursuant to the requirements of Policy Directive 03.02.130.

[3] While Grievance 564 refers to defendant Gelabert at Step II, this not sufficient under the policy directive, which requires the prisoner to name the grieved party in the grievance filed at Step I. *See* Policy Directive 03.02.130 at ¶¶ P and R.

6

plaintiff's claims on the merits. *See id.* at p. 2. Because the MDOC did not reject the new claim during the Step III appeal, the court will view this grievance as exhausted.

Accordingly, the court concludes that plaintiff has exhausted the following claims: (1) that P.A. Kakani denied plaintiff adequate pain medication (neurontin); (2) that CMS, Dr. Gelabert and P.A. Kakani denied plaintiff adequate pain medication (ultram); and (3) that CMS, Dr. Gelabert and P.A. Kakani failed to treat plaintiff's gallstones.

### III. Motion to Dismiss

Defendants seek to dismiss plaintiffs' action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

In the opinion of this court, the rambling and disjointed nature of plaintiff's complaint makes it virtually impossible to find that the allegations state a claim for relief. Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." These pleading requirements are for the benefit of both the parties and the court. The statement of a claim in a pleading should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Alan Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 709 (3rd Ed. 2004). The statement of a claim in a pleading should be plain "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988). This point was recently emphasized by the Supreme Court in *Iqbal*, 129 S. Ct. at 1949, which observed that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Thus, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id., citing Bell Atlantic v. Twonbly*, 550 U.S. 544, 555 (2007).

"What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." *Federal Practice and Procedure* § 1217, at 240-41. As the court observed in *Schied v. Daughtrey*, No. 08-14944, 2008 WL 5422680 (E.D. Mich. Dec, 29, 2008):

8

> When cases are not pleaded "clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir.1996). When faced with voluminous pleadings, "neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971).

*Schied*, 2008 WL 5422680 at *1.

When a complaint fails to comply with the requirements as set forth in Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or strike such parts as are redundant or immaterial. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2nd Cir. 1995). If the court dismisses the complaint for failure to comply with Rule 8, then, as a general rule, it should give the plaintiff leave to amend. *Id.* at 86-87. *See also Schied*, 2008 WL 5422680 (dismissing *pro se* plaintiff's complaint *sua sponte* before screening under the PLRA and granting him leave to file an amended complaint that complies with Rule 8); *Soprych v. AFF Enterprises, Inc.*, No. 08-C-2297, 2008 WL 4542995 (N.D. Ill. April 24, 2008) (court has authority to strike complaint *sua sponte* for failure to comply with Rule 8(a)(2), and grant leave to plaintiff to file a rule-complaint amended complaint); *Young v. Burd*, No. 07-cv-950, 2007 WL 1456102 at *1-2 (D. Colo. May 15, 2007) (same); *Marshall v. United Nations*, No. Civ. S-05-2575, 2006 WL 1883179 at *2-4 (E.D. Cal. July 6, 2006) (same).

It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haine*, 404 U.S. at 520. Nevertheless, a *pro se* litigant, whether plaintiff or defendant, is required to follow the law, and assumes the risks and hazards that accompany self-representation.

9

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000). "*Pro se* litigants are required to follow the rules of civil procedure and easily-understood Court deadlines." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).

Based on these considerations, the court concludes that plaintiff's complaint fails to comply with the requirements of Fed. R. Civ. P. 8. To echo the court in *Schied*, "Federal lawsuits cannot proceed on the basis of complaints such as Plaintiff's." *See, e.g,, Kuehl v. F.D.I.C.*, 8 F.3d 905 (1st Cir. 1993) (43-page, 358-paragraph complaint was excessive); *Schied*, 2008 WL 5422680 (dismissing complaint consisting 194 pages and 374 paragraphs); *Mactec Engineeringg & Consulting, Inc. v. Synergy Envtl., Inc.*, No. 04-04023, 2005 WL 950605 (E.D. Pa. April 25, 2005) (dismissing "179-paragraph monstrosity" but allowing plaintiff to amend); *Jackson v. Ashcroft*, No. 02-3957, 2004 WL 2674409 (N.D.Ill. Oct.29, 2004) (dismissing a 90-page, 304-paragraph complaint); *Mutuelle Generalle Francaise Vie v. Life Assur. Co. of Pennsylvania*, 688 F. Supp. 386, 389, 391 (N.D. Ill. 1988) (plaintiff's 51-page, 205-paragraph complaint excessive; the court noted that the complaint reads more like a novel or a brief "as it advances evidence, theories and speculation about the events at issue"); *Echols v. Voisine*, 506 F.Supp. 15 (E.D. Mich.1981) (dismissing a *pro se* plaintiff's complaint when it was 14 pages long and contained 24 pages of attachments).

Accordingly, plaintiff's complaint should be dismissed without prejudice as to those claims which have been exhausted. He should be allowed to file an amended complaint on the court-provided prisoner civil rights complaint form. The amended complaint should provide a <u>short</u>

<u>and plain statement</u> of his claims as required by Fed. R. Civ. P. 8, and limited to the <u>three</u> exhausted claims identified in § II.B., *supra*.[4]

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion to dismiss (docket no. 22) be **GRANTED IN PART**, and that the complaint be dismissed as to the unexhausted claims. The remaining claims should be dismissed without prejudice to plaintiff being granted leave to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8, and which is limited to the three exhausted claims as set forth in this report.


Dated: July 23, 2009                            /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[4] Defendants also seek dismissal of plaintiff's supplemental state law claims. It is unnecessary for the court to address this issue until plaintiff files an amended complaint. Of course, defendants may seek dismissal of any state law claims set forth in the amended complaint.