UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH M. GORA,

    Plaintiff,                                 Case No. 1:08-CV-992

v.                                            HON. GORDON J. QUIST

RAYMOND GELABERT, *et al.*,

    Defendants.
_____/

## AMENDED ORDER ADOPTING IN PART AND REJECTING IN PART
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on July 23, 2009. The Report and Recommendation was duly served on the parties. The Court has received objections from Plaintiff and Defendants. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds all except one of the objections to be without merit.

Defendants moved to dismiss Plaintiff's 42 U.S.C. § 1983 claims for failure to exhaust his administrative remedies and failure to state a claim upon which relief can be granted. The Magistrate Judge recommended that the claim in Grievance 1261 and the two claims in Grievance 608 be dismissed without prejudice to Plaintiff being granted leave to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. The Magistrate Judge further recommended that any claims stated in Grievances 564, 725, and 1595 be dismissed due to Plaintiff's failure to exhaust his administrative remedies. Plaintiff's seven objections, and the Defendants' responses, will each be considered in turn.

**Objection #1**

In his first objection, Plaintiff argues that (1) his complaint was consistent with Rule 8(a)(2) because that rule permits a party to state as many separate claims as the party has regardless of consistency, and (2) neither the Order to Proceed *In Forma Pauperis* nor the Order for Service mentioned his failure to comply with Rule 8(a)(2). The Defendants argue that Rule 8(a)(2) does not support Plaintiff's claim, and that Plaintiff has failed to state a claim upon which relief can be granted.

The text of Rule 8(a)(2) supports Defendants' argument. Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(d)(3) permits a party to state as many separate claims as the party has regardless of consistency, Fed. R. Civ. P. 8(d)(3), the issue here is not whether Plaintiff's claims are consistent, but whether Plaintiff has stated any legally redressable claims at all. As the court in *Schied v. Daughtrey*, No. 08-14944, 2008 WL 5422680 (E.D. Mich. Dec. 29, 2008), noted, "When faced with voluminous pleadings, 'neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange.'" *Schied*, 2008 WL 5422680, at *1 (citing *Silver v. Queen□s Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971)). Given the length of Plaintiff's complaint and the 156 pages of Exhibits, the Court finds that Plaintiff failed to comply with Rule 8(a)(2)'s requirement of providing a *short* and plain statement of the claims.

Plaintiff also argues that neither the Order to Proceed *In Forma Pauperis* nor the Order for Service mentioned his failure to comply with Rule 8(a)(2). Even though *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers, this argument is ineffective

2

because a *pro se* litigant is still required to follow the law, and assumes the risks that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000). Here, Rule 1 puts litigants on notice that the Federal Rules of Civil Procedure govern the procedure in all civil actions except in specified situations. Fed. R. Civ. P. 1. Therefore, Plaintiff had notice of Rule 8's applicability and his first objection is overruled due to his failure to comply with Rule 8(a)(2).

Defendants' argument that Plaintiff's complaint should be dismissed under Rule 12(b)(6) need not be considered here because the general rule is for a court to allow the plaintiff leave to amend the complaint when the court dismisses the complaint for failure to comply with Rule 8. *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

**Objection #2**

In his second objection, Plaintiff states that he exhausted all of his administrative remedies. When Defendants moved to dismiss under Rule 12(b)(6) and 42 U.S.C. § 1997e(a), Defendants attached eight exhibits, five of which were copies of grievances Plaintiff filed before August 2008. In his objections, Plaintiff attached copies of a new grievance and a grievance inquiry report. Plaintiff's documents show that Plaintiff filed the attached copy of Grievance 822 in mid-September 2008, but this grievance was not received until January 2009, over two months after Plaintiff filed his complaint. Plaintiff's exhibit also shows that Plaintiff filed Grievance 765 on August 28, 2008, but that this grievance was not received until January 7, 2009, four months after Plaintiff filed his grievance. Plaintiff alleges that his exhibits show Defendants either fail to respond or do not process his grievances in a timely manner.

Rule 15(d) permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV.

P. 15(d). Due to the severe delay between Plaintiff's filing of his grievance and the receipt of that grievance by prison officials, the Court *sua sponte* will permit Plaintiff to supplement his original complaint to include claims based on grievances that were unexhausted at the time of his complaint but are now completely exhausted.

**Objection #3**

In his third objection, Plaintiff states that he cannot obtain copies of his medical report and 2002 grievances, and that this inhibits him from proceeding on any claims other than his claim for gallstones. The Defendants made three arguments: (1) any grievance filed before October 22, 2005 is irrelevant because the grievance will relate to an issue that is barred by the statute of limitations; (2) Plaintiff failed to exhaust any of the claims against Defendants; and (3) if Plaintiff exhausted a claim, the Court can only find that Plaintiff exhausted his claim regarding the gallstones because Plaintiff admitted in his objection that, without discovery, Plaintiff can only proceed on the gallstones claim.

In Michigan, the statute of limitations for claims arising under 42 U.S.C. § 1983 is three years. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). Plaintiff filed suit on October 22, 2008; thus, any claims Plaintiff asserts in his complaint must have accrued after October 22, 2005. To the extent Plaintiff wants copies of his 2002 grievances to prove claims that accrued prior to October 22, 2005, the copies are not needed because those claims are barred by the statute of limitations.

Prisoners must comply with prison grievance procedures to properly exhaust their administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 922-23 (2007). The MDOC Policy Directive requires a prisoner to take a series of steps, culminating in the filing of a Step III grievance. Plaintiff here filed a Step III appeal for Grievance 1261 and 608; thus, Plaintiff exhausted his administrative remedies for the claims contained in these two grievances.

4

Defendants argue that Plaintiff only exhausted his gallstones claim because Plaintiff stated in his objections that, without discovery, Plaintiff can only proceed on that claim. Plaintiff's statement was one sentence out of an eight page objection. It is well established that "*pro se* complaints are held to even less stringent standards than formal pleadings drafted by lawyers." *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987) (citations omitted). *Pro se* objections are similarly held to a less stringent standard. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96 (1972). Therefore, the Court finds that Plaintiff has exhausted his administrative remedies for the claims contained in Grievances 1261 and 608.

### Objection #4

In his fourth objection, Plaintiff argues that the 156 pages of Exhibits constitute material evidence of the tortious acts committed by Defendants. Plaintiff also said that he was "seriously sick most of the time, and not in my right mind" when he wrote and filed his complaint. Defendants argue that the purpose of Rule 8 is to put the Court and the Defendants on notice of the charges made, and that Plaintiff cannot make the Court and Defendants guess the basis of his claims by attaching numerous documents to his complaint.

Rule 8's purpose is to put the Court and Defendants on notice of what charges the Plaintiff has made in his complaint. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). As the Court found in response to Plaintiff's first objection, Plaintiff failed to comply with Rule 8(a)(2)'s requirement of providing a short and plain statement of the claims. Finally, Plaintiff states he was seriously ill and not in his right mind when he drafted the complaint. Combined, these factors lead the Court to conclude that the administration of justice will be served by allowing Plaintiff to amend his complaint to clearly state in a brief manner (1) what law Plaintiff alleges Defendants violated and (2) how the facts of Plaintiff's case show that Defendants violated that law.

**Objection #5**

In his fifth objection, Plaintiff comments that he needs all of the Exhibits because this is a medical malpractice suit. Plaintiff also repeats his argument that the issue of Rule 8 and the length of the pleadings was not raised prior to the Magistrate Judge's Report and Recommendation. Defendants argue that, to the extent Plaintiff claims this is a medical malpractice suit, the Court should immediately dismiss the suit with prejudice because a medical malpractice action arises under the laws of Michigan, not federal law as required by 42 U.S.C. § 1983.

As previously stated, *pro se* pleadings are held to a less stringent standard than pleadings drafted by lawyers. *See Kent*, 821 F.2d at 1223. Since Plaintiff is not a lawyer, the Court is not confident that Plaintiff understands the difference between negligence, the standard of care in medical malpractice actions, and the deliberate indifference of a serious medical need standard for § 1983 claims. Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). Therefore, the Court will overrule Defendants' objection and permit Plaintiff to amend his complaint.

**Objection #6**

Plaintiff's sixth objection repeats his fourth objection. Therefore, the Court adopts its analysis of the fourth objection above.

**Objection #7 (the second Objection #6)**

Finally, in his last objection Plaintiff repeats the arguments made in his second objection. Defendants respond that the attached grievances were not filed before the commencement of this

action; thus, Plaintiff could not have exhausted these claims. Defendants also argue that any grievance filed before October 22, 2005 is irrelevant because it is barred by the statute of limitations.

First, the Court adopts its analysis of the second objection above. Thus, Plaintiff can supplement his original complaint. Second, Plaintiff's grievance inquiry attachment shows that the copy of Grievance 822 that Plaintiff attached was not received until January 2009, over two months after Plaintiff filed his complaint. Therefore, Plaintiff did not exhaust his administrative remedies for this grievance prior to filing suit. *See Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983 (2002). Finally, the Court addressed the statute of limitations issue in the third objection. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket #39) is approved and adopted as the opinion of the Court except as to Plaintiff's second and seventh objections. Defendants' motion to dismiss (Docket # 22) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's and Defendants' objections (Docket # 41, 42) are **OVERRULED**, and that the claim in Grievance 1261 and the two claims in Grievance 608 be dismissed without prejudice to Plaintiff being granted leave to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. Plaintiff shall file his amended complaint within 30 days.

**IT IS FURTHER ORDERED** that Plaintiff can supplement his original complaint to include claims based on grievances that were unexhausted at the time of his complaint but are now completely exhausted. Plaintiff should include this supplement with his amended complaint. Defendants shall have 21 days to respond to any amended and supplemented complaint.

Dated: September 30, 2009                                            /s/ Gordon J. Quist
                                                                                     GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE